IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL T. SNOW,**

      Plaintiff,

vs.                                             Civ. No. 97-855 SC/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**[1]

      Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

1.   Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's

---

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted therefore, for Acting Commissioner John J. Callahan as the Defendant in this suit.

[2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams v. Bowen</u>, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.   Plaintiff applied for disability insurance benefits on November 29, 1994 alleging disability since September 19, 1991. Tr. 32.   The application was denied initially and on reconsideration.  Plaintiff requested and received a <u>de novo</u> review before an administrative law judge (ALJ).  A hearing was held before the ALJ at which Plaintiff and his attorney appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.   Tr. 19.   The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Tr. 5.  The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3.   Plaintiff was 38 years old at the time of the ALJ's decision.  Tr. 12.   He has a high school education.   Tr. 12. Plaintiff has past work experience as an auto detailer, auto lot attendant and auto lubrication servicer.  Tr. 267, 306.

**Issues**

4.   The parties agree to a remand.  However, the parties do

not agree on the scope of the remand.    The Defendant's proposed remand includes the following:

(1) the ALJ would be instructed to obtain evidence from a vocational expert regarding what jobs, if any, Plaintiff can perform in view of his age, education, vocational experience, and exertional and nonexertional limitations, particularly those shown in Dr. Naimark's report;

(2) The Commissioner will give Plaintiff additional opportunity to submit further evidence; and

(3) The Commissioner will remand to an ALJ other than the ALJ who rendered the July 26, 1996 decision.

Plaintiff, agrees to a remand but argues that the scope of Defendant's proposed remand is too limited.

**The Standard of Review**

5.    The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).   It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then

that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  <u>Hogan v. Schweiker</u>, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.   The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  <u>Hall v. Harris</u>, 658 F.2d 260, 264 (4th Cir. 1981); <u>Salas v. Califano</u>, 612 F.2d 480, 482-83 (10th Cir. 1979); <u>Gardner v. Brian</u>, 369 F.2d 443, 446-47 (10th Cir. 1966).

7.   To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment;  (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling

impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience.  If a determination of disabled is found at any step, further inquiry is not required.  20 C.F.R. §404.1520.

    8.   Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists.  20 C.F.R. Part 404, Subpt. P, App. 2.  These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies.  20 C.F.R. §404.1566(d).  This aids the Commissioner in determining what specific job types exist in the national economy for the claimant.  To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity.  20 C.F.R. §§404.1545, 404.1563-.1565.  These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled.  20 C.F.R. §404.1569.  The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment.  20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9.  Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination.  Id.  In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id.  If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984).  However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids.  Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10.    Plaintiff prevails on the grounds that the Defendant has not opposed the claims of error Plaintiff made in his Motion to Reverse or Remand.  The Defendant has not served a response to Plaintiff Motion to Reverse or Remand.  Local Rule 7.5 states that the "[f]ailure to serve...a response in opposition to any motion constitutes consent to grant the motion." D.N.M.LR-Civ. 7.5(b).  Thus, pursuant to this rule, the Defendant has consented to

Plaintiff's Motion.  Defendant argues that it was granted an extension of time to respond to Plaintiff's Motion and thus did not consent.  The fact remains that the Defendant failed to ever respond to plaintiff's Motion.

    11.  Further, Plaintiff prevails on the merits.  The ALJ's finding that Plaintiff did not have a "severe" mental impairment at step two because "he has never actually received a formal mental diagnosis" land has not had "treatment for same" is not supported by the substantial evidence.  The ALJ's finding in the Psychiatric Review Technique form that Plaintiff has no mental impairment is not supported by the substantial evidence.  Tr. 20.  The medical evidence contains repeated diagnoses of somatoform disorder, pain disorder or chronic pain syndrome as well as diagnosis by three medical sources of developmental hyperactivity or learning disorder and episodic diagnoses of depression and anxiety.  Tr. 97-98, 109, 118-19, 139, 143, 154, 233-34, 249-250.  Further, he has been prescribed medication for anxiety, depression, sleep disturbance and hyperactivity by Dr. Cooper.  Tr. 147, 153-54, 162, 175, 178-181.

    12.  The ALJ improperly failed to consider Plaintiff's obesity.  As pointed out by the Plaintiff, he does not meet the listing for obesity.  However, the Plaintiff does have pain, limitation and osteoarthritis in his lumbosacral spine.  Tr. 109, 251.  Further he has a painful limiting impairment in a weight-bearing joint, his left knee.  Because the second criteria of 9.09A

is exceeded, Plaintiff condition may be medically equal to 9.09A. The ALJ's failure to consider whether this impairment was severe, equaled a listing or supported Plaintiff's allegations of his combined impairment is reversible error.  <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1491 (10th Cir. 1991); 20 C.F.R. §404.1523.

13.  Further analysis is not required.  As Defendant has consented to Plaintiff's Motion and reversible error was made by the ALJ, a remand is required.

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand be granted and that the Plaintiff is granted a *de novo* adjudication of his claim at all steps of the sequential evaluation process.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**